IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT GORDON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-902-L |
| | § | |
| BANK OF AMERICA CORPORATION | § | |
| and GREEN TREE SERVICING, LLC | § | |
| *as Trustee of CWABS Asset-Backed* | § | |
| *Certificates Trust 205-7,* | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants Bank of America Corporation ("BOA") and Green Tree Servicing, LLC ("Green Tree"; collectively, "Defendants") have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. Nos. 5 and 6, which District Judge Sam A. Lindsay has referred to the undersigned magistrate judge for proposed findings and recommendations, *see* Dkt. No. 9. Plaintiff Robert Gordon filed responses to each motion, *see* Dkt. Nos. 10 and 11, and BOA filed a reply, *see* Dkt. No. 12, but Green Tree did not, and its deadline to do so has passed, *see* N.D. Tex. L. Civ. R. 7.1(e).

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that BOA's Motion to Dismiss Plaintiff Robert Gordon's Complaint [Dkt. No. 5] and Green Tree Servicing, LLC's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [Dkt. No. 6] should each be granted in part and denied in part.

## Background

On September 12, 2014, Plaintiff sued BOA and Green Tree in the 162nd Judicial District for Dallas County, Texas. *See* Dkt. No. 1-1. In his original petition, Plaintiff alleges that he purchased real property in Dallas County, Texas, in 2000. Using the property as collateral, on April 22, 2005, Plaintiff obtained a home equity loan that was subject to Section 50(a)(6), Article XVI, of the Texas Constitution. The Texas Home Equity Note and accompanying deed of trust were transferred several times. BOA is the current owner of both. *See* Dkt. No. 1-1 at 5, 18.

Plaintiff timely paid his mortgage and escrow payments until he spoke with BOA's Vice President, Joel Pasada, on September 14, 2012. *See id*. at 4-5, 18. Pasada advised Plaintiff to stop making mortgage payments for at least three months in order to qualify for a loan modification. *See id*. Plaintiff relied on Pasada's advice and stopped making payments. *See id*. at 5-6. After two months, Plaintiff began receiving letters from BOA concerning the loan modification. Each letter assigned a different BOA contact person, and none of them responded to Plaintiff's diligent efforts to follow BOA's instructions to obtain the loan modification. *See id*. at 5-6, 18.

In early December 2012, Plaintiff was contacted by a BOA representative who informed him that he was eligible for a short sale of his property. Plaintiff responded that he did not want to sell his house but was attempting to get a loan modification by following Mr. Pasada's instructions. Plaintiff then met with Mr. Pasada who, after some investigation, informed Plaintiff that BOA had sold the note to another company

and that he could not help Plaintiff with any modification because of the alleged sale. *See id.* at 6, 18.

Subsequently, Plaintiff received a letter from Green Tree informing him that it would be servicing and handling his note. Green Tree told Plaintiff that he was never eligible for a loan modification and that the type of loan modification represented by Mr. Pasada was illegal for an equity loan. *See id.* at 6-7, 18. Plaintiff also was informed that his only option to keep the property from foreclosure was to pay the entire amount of the arrearage – totaling over $20,000.00 and including thousands of dollars in penalties and late fee charges. *See id.* at 7, 18.

Immediately before Plaintiff's loan was submitted for foreclosure, Plaintiff told a Green Tree representative named Peggy P. that he would satisfy the arrearage. *See id.* at 8, 18-19. Peggy P. gave him a deadline to pay the entire arrearage amount in full in order to avoid foreclosure. *See id.* Plaintiff attempted to pay the full amount on that date but was told that he was three days late. *See id.* After the foreclosure process began, the payoff amount grew to an amount that Plaintiff could no longer afford. *See id. at 19.*

Plaintiff sued Defendants for common law fraud, negligent misrepresentation, negligent hiring, supervision, and management, and for violations of the Texas Property Code and the Texas Deceptive Trade Practices Act ("DTPA"). *See id.* at 9-15. He does not distinguish between Defendants but makes the same claims against both.

BOA timely removed the case to this Court, and Green Tree consented to

removal. *See* Dkt. No. 1. Defendants then filed motions to dismiss and assert that Plaintiff has failed to state a claim upon which relief can be granted.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting Iqbal, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under Twombly and Iqbal, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced

in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

## Analysis

### I.   Plaintiff's common law fraud claim should not be dismissed.

Defendants contend that Plaintiff's fraud claim should be dismissed because it is barred by the economic loss doctrine and Plaintiff has failed to sufficiently plead all elements of common law fraud.

First, Defendants argue that Plaintiff's fraud claim – based on the allegedly false representations that Plaintiff could obtain a loan modification of the home equity note, that to do so he must stop making payments on the note, and about the due date for payment of arrearages – is barred by the economic loss rule. Defendants contend that Plaintiff bases his fraud claim on Defendants' alleged actions with respect to the note, deed of trust, and reinstatement of the contract after Plaintiff's default and that the alleged loss that Plaintiff seeks to prevent is the subject matter of the contracts between the parties: the mortgaged property and money owed. *See* Dkt. No. 5 at 9; Dkt. No. 6 at 9-10. Plaintiff responds that the fraud claim is not barred by the economic loss rule because the legal duty that Plaintiff alleges that Defendants breached does not arise under the note or deed of trust and because he seeks extra-contractual damages. *See* Dkt. No. 10 at 14; Dkt. No.  11 at 14.

Under Texas law, if a tort claim arises solely from the parties' contractual relationship, the tort claim is not allowed. *See DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011). Thus, the economic loss rule "generally

precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007) (citing *Sw. Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991)). "That is, 'a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.'" *McDaniel v. JPMorgan Chase Bank, N.A.,* No. 1:12-cv-392, 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012) (quoting *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App. – Houston [1st Dist.] 2007, pet. denied)). "Thus, the rule restricts contracting parties to contractual remedies for economic losses associated with their relationship, 'even when the breach might be reasonably viewed as a consequence of a contracting party's negligence.'" *Id.* (quoting *Lamar Homes, Inc.*, 242 S.W.3d at 13). "The focus of the rule is on determining whether the injury is to the subject of the contract itself." *Id.* (internal quotation marks omitted).

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: (1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Corp., Inc.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)); *see also DeLanney*, 809 S.W.2d at 494-95. The burden is on the plaintiff to establish evidence of an independent injury. *See McDaniel*, 2012

WL 6114944, at *7 (citing *Esty v. Beal*, 298 S.W.3d 298, 302 (Tex. App. – Dallas 2009, no pet.)).

Despite the nonexistence under Texas law of a duty between a mortgage servicer and borrower, or a lender and borrower, Texas courts have held that there is always a duty to correct one's own prior false or misleading statement. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 763 (N.D. Tex. 2012) (citations omitted). Likewise, the Texas Supreme Court has approved a claim that a "bank has a duty to use reasonable care whenever it provides information to its customers or potential customers." *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Plaintiff's fraud claim, as pleaded, is based on Defendants' alleged failure to provide correct information about the availability of loan modification for a home equity note governed by the Texas Constitution, loan modification requirements including discontinuation of payments under the home equity note, and payment deadlines to bring the account current after Plaintiff detrimentally relied on Defendants' instruction to stop making loan payments. Plaintiff does not allege that he had a contract to modify his loan, that Defendants breached a contractual duty to modify his loan, or that his arrearage payments were governed by a contract. Instead, Plaintiff's fraud claim alleges breach of a duty imposed by common law, independent of the contractual duties under the note and the deed of trust.

But, even if Plaintiffs' claim is for breach of a duty imposed by law and not only created by contract, the Court, in determining whether a tort claim is merely a

repackaged breach of contract claim, must also consider "whether the injury is only the economic loss to the subject of the contract itself."*Stanley*, 2006 WL 2432309, at *5 (citing *Formosa*, 960 S.W.2d at 45-47)."The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." *DeLanney*, 809 S.W.2d at 495 (internal quotation marks omitted). In other words, "if 1) the claim is for breach of duty created solely by contract rather than a duty imposed by law, and 2) the injury is only the economic loss to the subject of the contract," the tort claim will be precluded. *Eastman Chem. Co. v. Niro, Inc.*, 80 F. Supp. 2d 712, 717 (S.D. Tex. 2000).

Plaintiff seeks damages for out-of-pocket expenses, loss of credit and damage to his credit reputation, and interest and finance charges. Since he seeks out-of-pocket expenses incurred in reliance on the alleged misrepresentations, the injury alleged is over and above the economic loss to the subject matter of the note and deed of trust and is sufficient to avoid dismissal at this stage of the proceedings. *See Hurd*, 880 F. Supp. 2d at 764. Given his factual allegations, the undersigned concludes that Plaintiff's fraud claim is not barred by the economic loss doctrine. *See Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex.2014) ( "Thus, a party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit.").

Second, Defendants argue that Plaintiff failed to plead all of the elements of

common law fraud. Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See Shandong Yinguang Chem. Indus. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Defendants assert that Plaintiff failed to plead that either Defendants or their agents made material representations that they knew to be false and to identify any alleged damages. But Plaintiff pleaded that BOA's agent, Joel Pasada, misrepresented that Plaintiff could obtain a modification of the home equity note when such modification is prohibited by the Texas Constitution and further represented that Plaintiff must discontinue loan payments for several months in order to qualify for the loan modification. Plaintiff alleges that Defendants' employees had knowledge of the falsity of the misrepresentations or, in the alternative, showed reckless disregard for their accuracy. Plaintiff also identifies damages, including $20,000 in out-of-pocket expenses, loss of credit and damage to his credit reputation, and interest and finance charges assessed against and paid by Plaintiff. The undersigned concludes that Plaintiff has sufficiently pleaded the elements of fraud.

II.    Plaintiff's Texas Deceptive Trade Practices Act claim should be dismissed.

Defendants argue that Plaintiff fails to state a claim under the DTPA because

-10-

they are not "consumers" as defined by the DTPA. The elements of a cause of action under the DTPA are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)). To qualify as a consumer, "a person must have sought or acquired goods or services by purchase or lease," and "the goods and services purchased or leased must form the basis of the complaint." TEX. BUS. & COM. CODE § 17.45(4); *Cameron v. Terrell & Garrett, Inc.* 618 S.W.2d 535, 539 (Tex. 1981).

Since the lending of money is not a good or service, a borrower whose sole objective is to get a loan does not become a consumer under the DTPA. *See Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980)). Moreover, "[a]lthough one who borrows money to buy a house can be a consumer under the [DTPA] because that person's objective is to buy a home, subsequent actions related to mortgage accounts – for example, extensions of further credit or modifications of the original loan – do not satisfy the 'goods and services' element of the [DTPA]." *Swim v. Bank of Am., N.A.*, No. 3:11-cv-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012).

In his response, Plaintiff asserts that he qualifies as a consumer under the DTPA because he obtained the home equity loan for the purpose of purchasing goods for his business. See Dkt. No. 10 at 22. But Plaintiff did not make that allegation in his

petition, and "one who obtains a home equity loan does not obtain a 'good' or a 'service' to qualify as a consumer under the DTPA." *Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006).

The undersigned concludes that Plaintiff has failed to state a claim for a violation of the DTPA and recommends that, because Plaintiff cannot plead any set of facts to show that he is a consumer under the DTPA, this claims for violations of DTPA should be dismissed with prejudice.

III.   <u>Plaintiffs' Texas Property Code claim should be dismissed.</u>

Plaintiff asserts violations of the Texas Property Code based on Defendants' alleged failure to provide Plaintiff with proper notice of foreclosure. See Dkt. No. 1-1 at 10-11. Defendants assert that the Property Code claim fails as a matter of law because Plaintiff failed to allege that a foreclosure sale has occurred.

Chapter 51 of the Texas Property Code, on which Plaintiff's claim rests, sets out the notice requirements and procedures for conducting a foreclosure sale. *See* TEX. PROP. CODE § 51.002. Based on the facts set forth in the petition, Plaintiff has not pled that a foreclosure sale has occurred. Accordingly, Plaintiff's claim under Chapter 51 of the Texas Property Code should be dismissed with prejudice. *See Mahmood v. Bank of Am., N.A.*, No. 3:11-cv-3054-M-BK, 2012 WL 527902, at *4 (N.D. Tex. Jan. 18, 2012), *rec. adopted*, 2012 WL 527901 (N.D. Tex. Feb. 16, 2012) (granting motion to dismiss claim under Chapter 51 of the Property Code where no foreclosure sale had occurred); *see also Caballero v. Wells Fargo Bank, N.A.*, No. 3:11-cv-1385-O-BD, 2011 WL

-12-

6039953, at *1 n.2 (N.D. Tex. July 25, 2011), *rec. adopted*, 2011 WL 6039950 (N.D. Tex. Dec. 5, 2011) (same).

IV.    Plaintiff's promissory estoppel claim should be dismissed.

Plaintiff titles one of his claims "Texas Property Code Violation and Detrimental Reliance" and alleges that he relied to his detriment on Defendants' representations that he could modify the home equity loan and secure alternate financing during the acceleration period to "cure the problem." Defendants construe the detrimental reliance allegations as asserting a claim for promissory estoppel, and Plaintiff responds that he has a valid claim for promissory estoppel.

"Promissory estoppel is a narrow exception to the statute of frauds." *Trammel Crow Co. v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997). To establish promissory estoppel, a plaintiff must establish: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *See Metropolitan Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). To invoke promissory estoppel, the promisee must show that the promisor promised to sign a written agreement that complied with the statute of frauds. *See Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982). Moreover, the agreement that was the subject of the oral promise must be in writing at the time the oral promise to sign was made. *See id.*

The undersigned concludes that the promise to modify was covered by the statute of frauds under Texas Business and Commerce Code § 26.02(b) and that the

-13-

promissory estoppel exception does not apply. Plaintiff does not allege that Defendant promised to sign an existing written agreement memorializing the promise to modify. *See Nagle*, 633 S.W.2d at 800; *accord Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010). "It is the promise to sign a written agreement or enter into a written agreement that is determinative." *Rhodes*, 2012 WL 5363424, at *18. Thus, the undersigned concludes that Plaintiff has not alleged facts that are sufficient to plead a claim for promissory estoppel and that this claim should be dismissed with prejudice.

V.   <u>Plaintiff's negligent misrepresentation claim should not be dismissed.</u>

Defendants argue that Plaintiff's negligent misrepresentation claim is barred by the economic loss rule and that Plaintiff has failed to identify a specific, actionable statement by either of them rising to the level of a negligent misrepresentation. For the reasons stated above as to the fraud claim, the undersigned concludes that Plaintiff's tort claims, including the claim for negligent misrepresentation, are not barred by the economic loss rule.

To assert a claim for negligent misrepresentation, Plaintiff must allege that (1) Defendants made a misrepresentation in the course of their business, (2) Defendants supplied "false information" for guidance in their business, (3) Defendants did not exercise reasonable care or competence in obtaining or communicating the information, and (4) Plaintiff suffered pecuniary loss by justifiably relying on Defendants' representations. *See Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 242 (5th Cir. 2014). Plaintiff alleges that BOA's employee, Pasada, falsely represented that Plaintiff could obtain a modification of the home equity loan and that he should become

delinquent in order to qualify for a loan modification – which are alleged misstatements of existing fact, not promises of future conduct. *See* Dkt No. 1-1 at 5. Plaintiff also alleges that Green Tree's employee, Peggy P., falsely represented the deadline to pay his arrearage. *See id*. at 8. Plaintiff further alleges that Defendants failed to exercise reasonable care or competence in communicating the misinformation. *See id*. at 13. He also alleges that he became delinquent, liable for penalties and late fee charges, and otherwise suffered pecuniary loss by his justifiable reliance on Defendants' misinformation. *See id*. at 13. The undersigned concludes that Plaintiff has sufficiently pleaded a negligent misrepresentation claim against both Defendants.

In its reply, BOA argues that the statute of limitations bars this claim. Dkt. No. 12 at 14. In Texas "negligent misrepresentation claims are subject to a two-year statute of limitations." *Rotella v. Mid-Continent Cas. Co.*, No. 03:08-cv-486-G, 2009 WL 1650475, at *8 (N.D. Tex. June 10, 2009). Plaintiff asserted this claim on September 12, 2014, *see* Dkt. No. 1-1 – within two years from BOA's alleged September 14, 2012 misrepresentation. Therefore, even assuming the Court should take up an issue raised for the first time in a reply, the statute of limitations does not bar this claim against BOA.

VI. <u>Plaintiff's negligent hiring and supervision claim should not be dismissed.</u>

BOA argues that Plaintiff's "negligent hiring, supervision, and/or management" claim should be dismissed because it is barred by the economic loss rule and Plaintiff has failed to allege all elements of the claim. Plaintiff did not assert this claim against

Green Tree. *See* Dkt. No. 1-1 at 14. For the reasons stated above, the undersigned concludes that Plaintiff's tort claims, including the claim for negligent supervision, hiring and management, are not barred by the economic loss rule.

"To recover under a theory of negligent hiring, a plaintiff must prove that (1) the employer owed a legal duty to protect third parties from the employee's actions and (2) the third party's sustained damages were proximately caused by the employer's breach of that duty." *TXI Transp. Co. v. Hughes*, 224 S.W.3d 870, 901 (Tex. App. – Fort Worth 2007), *rev'd on other grounds*, 306 S.W.3d 230 (Tex. 2010). To properly plead a claim of negligent supervision, Plaintiff must allege that BOA owed him a legal duty to supervise its employees, that it breached that duty, and that the breach proximately caused Plaintiff's injuries. *See People's Choice Home Loan, Inc. v. Mora*, No. 306-cv-1709-G, 2007 WL 708872, at *7 (N.D. Tex. Mar. 7, 2007). In addition to proving negligence on the part of BOA's hiring, supervising, or training of Pasada, Plaintiff also must prove that Pasada committed an actionable tort. *See id.*

Plaintiff sufficiently alleges that a BOA employee, Pasada, committed common law fraud and negligently misrepresented that Plaintiff was eligible for modification of a home equity loan and the requirements for qualifying for the loan modification. Plaintiff also alleges that BOA owed him a duty to hire, supervise, and manage Pasada to prevent such fraud and misrepresentations. *See* Dkt. No. 1-1 at 14. And Plaintiff alleges that Pasada's actions indicate that BOA breached this duty, which proximately caused his injuries. *See id.* Accordingly, the undersigned concludes that Plaintiff has

sufficiently alleged a negligent hiring and supervision claim.

But Green Tree's motion to dismiss this claim should be denied as moot because Plaintiff did not assert such a claim against it.

## Recommendation

Defendant Bank of America Corporation's Motion to Dismiss Plaintiff Robert Gordon's Complaint [Dkt. No. 5] and Defendant Green Tree Servicing LLC's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [Dkt. No. 6] should be granted in part and denied in part. Plaintiff's claims for fraud, negligent misrepresentation, and (as to BOA only) negligent hiring, supervision and management should not be dismissed. Plaintiff's claims for violations of the Texas Deceptive Trade Practices Act and Texas Property Code and promissory estoppel should be dismissed with prejudice. Because these claims should be dismissed with prejudice, Plaintiff's request to file an amended complaint to replead them should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 5, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE